**Zdzislaw SZUDARSKI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 02–4613–AG.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2006.

Przemyslaw Jan Bloch, Brooklyn, NY, for Petitioner.

George E.B. Holding, United States Attorney for the Eastern District of North Carolina (Anne M. Hayes, Dennis M. Duffy, Assistant United States Attorneys, on the brief), Raleigh, North Carolina, for Respondent.

Present DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

Petitioner Zdzislaw Szudarski, a native of Poland, seeks review of a September 23, 2002 order of the BIA denying his motion to reopen deportation proceedings in order to request an adjustment of his status to lawful permanent resident. *See In re Zdzislaw Szudarski*, No. A 29 715 613 (B.I.A. Sept. 23, 2002). We assume the parties' familiarity with the facts and procedural history. In brief, Szudarski's pro-

ceedings were closed as of October 8, 1992 when the BIA affirmed an IJ's order denying Szudarski's petition for asylum and withholding of removal and granting Szudarski a voluntary departure date. Szudarski failed to leave the United States by November 7, 1992 as the BIA's order required.

This Court reviews the denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence.'" *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (quoting *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

The BIA denied Szudarski's motion on the ground of untimeliness. With exceptions not pertinent here, a motion to reopen is timely only if filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). The BIA order dismissing Szudarski's appeal from the IJ's ruling was issued on October 8, 1992; so Szudarski had until September 30, 1996 to file a timely motion to reopen. Szudarski's motion was filed approximately five years and nine months late.

 Szudarski argues that the BIA abused its discretion when it denied his motion without addressing his argument that the limitations period should be equitably tolled based upon the conduct of Irena Wahulewicz, who (according to Szudarski) was his former legal representative and was convicted of fraud in 1998. Szudarski alleges that she falsely told him she had filed a petition to move back his voluntary departure date, and he contends that this in and of itself caused him to stay in the country illegally and not pursue his immigration case until 2002.

Ineffective assistance of counsel can equitably toll § 1003.2(c)(2)'s limitations period where the alien demonstrates "that (1) his counsel's conduct violated the alien's constitutional right to due process and (2) the alien 'has exercised due diligence in pursuing the case during the period the alien seeks to toll.'" *Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (quoting *Iavorski v. INS,* 232 F.3d 124, 135 (2d Cir. 2000)). The tolling continues until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation," and through any period beyond that during which the alien has "exercised due diligence in pursuing the case." *Iavorski,* 232 F.3d at 134–35. The alien seeking to toll bears the burden of proving his diligence throughout the period he seeks to toll. *Cekic,* 435 F.3d at 171.

Assuming Wahulewicz was his counsel, and that her actions constituted ineffective assistance of counsel, the record reflects Szudarski's complete failure to show due diligence. He has presented no evidence suggesting that he took any action to pursue his case between 1998, when Wahulewicz was exposed as a fraud, and 2002 when he finally filed his motion to reopen. This inadequate showing of due diligence over a period of several years justified the denial of the motion. *See Ali,* 448 F.3d at 516–17 (alien had not shown due diligence where he had made no effort to inquire into the status of his case during the seven year period since he lost touch with counsel);

*Cekic*, 435 F.3d at 171–72 (once aliens were on notice of their counsel's ineffective assistance, had an outstanding order of removal against them, and had lost touch with counsel, taking no action for two subsequent years was not due diligence); *Iavorski*, 232 F.3d at 134 (alien had not exercised due diligence where he waited nearly two years after failing to reach his attorney by telephone to take any further action in his case).

 Because Szudarski's motion to reopen mentioned equitable tolling only in passing, the BIA's failure to address the issue does not amount to error. In any event, Szudarski's failure to show due diligence indicates that any remand would be futile because we can confidently predict the BIA would have reached the same result had it analyzed equitable tolling. *See Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006).

 Szudarski also asks the Court to review the BIA's refusal to use its discretionary power under 8 C.F.R. § 1003.2(a) to reopen Szudarski's case *sua sponte;* but as we held in *Ali,* 448 F.3d at 518, we lack jurisdiction to engage in such a review.

We have considered all of Szudarski's remaining arguments and find them to be without merit. For the reasons set forth above, the petition for review of the BIA's decision is **DENIED.** The pending motion for a stay of deportation is **DENIED** as moot.